**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4235**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MYRON HENDERSON, a/k/a Charlie,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cr-00024-JPB-JPM-2)

_____

Submitted:  February 22, 2024                    Decided:  March 20, 2024

_____

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** Tracy Weese, Shepherdstown, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Carly Cordaro Nogay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Myron Henderson appeals his conviction and 110-month sentence imposed following his guilty plea to distribution of methamphetamine within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); 860.  On appeal, Henderson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Henderson's guilty plea and the reasonableness of his sentence.  Henderson has filed a pro se supplemental brief in which he disputes the district court's drug weight calculation.

Upon reviewing the record, we directed the parties to file supplemental briefs addressing whether the district court adequately explained its sentencing decision, including its reasons for rejecting Henderson's argument regarding his difficult upbringing. The parties have complied, and the matter is ripe for disposition.  For the reasons that follow, we affirm in part, vacate in part, and remand.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis.  Fed. R. Crim. P. 11(b)(2), (3).  Because Henderson did not preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error.  *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013)

2

(describing standard). Based on our review of the record, we conclude that Henderson's guilty plea was knowing, voluntary, and supported by an independent basis in fact.

Next, we review Henderson's sentence for procedural reasonableness, applying a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In doing so, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

In determining the drug weight attributable to Henderson, the probation officer relied on a custodial interview with one of Henderson's codefendants, who claimed that Henderson had supplied him with roughly 16 ounces of crack cocaine. Over Henderson's objection, the district court credited the codefendant's account but cut the drug amount in half, noting that suspects often overestimate drug quantities when being debriefed. On appeal, Henderson disputes the relevance of the codefendant's statements.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Williamson*, 953 F.3d 264, 272 (4th Cir. 2020) (internal quotation marks omitted). Under that standard, "we will reverse the district court's finding only if we are left with the definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). Where, as here, a district court must determine the amount of drugs attributable to a defendant without the benefit of a drug seizure, "the court shall approximate the quantity of the controlled substance." U.S.

Sentencing Guidelines Manual § 2D1.1 cmt. n.5 (2018); *accord Williamson*, 953 F.3d at 273. In doing so, "the court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *Williamson*, 953 F.3d at 273 (internal quotation marks omitted). Based on our review, we are satisfied that the district court did not clearly err in considering and finding credible the codefendant's claim that Henderson provided him with a substantial quantity of crack cocaine.

Turning to the issue on which we ordered supplemental briefing, "[a] sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the [18 U.S.C. § 3553(a)] factors . . . ." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (cleaned up). In other words, the court "must conduct an individualized assessment" by applying the § 3353(a) factors "to the particular defendant" being sentenced. *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (internal quotation marks omitted).

In a similar vein, "[w]here a defendant (or prosecutor) presents nonfrivolous reasons for imposing a sentence outside the Guidelines, the sentencing judge must address or consider those arguments and explain why he has rejected them." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (internal quotation marks omitted). As long as the "district court addresses [the] defendant's 'central thesis,'" an exhaustive explanation is not required. *Id.* Still, some explanation is necessary, as we may not "guess at which arguments the court might have considered or assume that the court has silently adopted

arguments presented by a party." *Nance*, 957 F.3d at 214 (internal quotation marks omitted).

In a sentencing memorandum and at the sentencing hearing, defense counsel urged the district court to impose a downward variance sentence based in part on the 18 U.S.C. § 3553(a) factors. Specifically, counsel argued that Henderson experienced a difficult upbringing punctuated by his father's absence and his mother's struggles with mental illness and drug addiction. *See* 18 U.S.C. § 3553(a)(1) (providing that court should consider "history and characteristics of the defendant"). Counsel also submitted character letters from Henderson's brother, daughter, and pastor, the latter of whom eloquently described the challenging environment in which Henderson grew up.

Though the district court stated that it had considered all of the § 3553(a) factors, it did not address Henderson's arguments or explain why his difficult upbringing did not warrant a downward variance. Because nothing in the record demonstrates that the court actually considered these arguments, we conclude that the court's sentencing explanation was inadequate and, consequently, that Henderson's sentence is procedurally unreasonable.

Accordingly, although we affirm Henderson's conviction, we vacate his sentence and remand for resentencing.* We deny *Anders* counsel's motion to withdraw. We dispense with oral argument because the facts and legal contentions are adequately

---

* By this disposition, we express no opinion on the merit of Henderson's sentencing arguments, other than concluding that they are not frivolous.

5

presented in the materials before this court and argument would not aid the decisional

process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*